EXHIBIT A

1   VINCENT ROSENBALM                                    5/17/08

2   2100 NAPA VALLEJO HIGHWAY UNIT5

3   NAPA, CALIFORNIA 94558

4      SUPREME COURT OF CALIFORNIA

5   VINCENT ROSENBALM          )
                               )
6              V               ) INEFFECTIVE
                               ) ASSISTANCE OF COUNSEL
7   EO FOULK-NAPA STATE Hospital ) COURT OF APPEAL
                               ) FIRST APPELLATE District
8                              ) CASE NO: A116597

9   INEFFECTIVE ASSISTANCE OF COUNSEL

10      JULIA SPIKES FAILED TO FULFILL Her

11  DUTIES AS APPOINTED APPELLATE COUNSEL  by

12  FAILING TO "ARGUE ALL ISSUES THAT ARE ARGUABLE."

13  People v. Feggans (1967) 67 Cal. 2d 444, 447

14  [62 Cal. RPtr. 419, 432 P. 2d 27 see also PEOPLE V WENDE,

15  supra., 25 Cal. 3d 436.; People v. Barton supra. 21 Cal.

16  3d at P. 519  THESE ARE THE ISSUE SHE FAILED TO ARGUE.

17      1) DENIAL OF SPEEDY TRIAL PC 1382

18      2) DENIAL OF COMPETENCY Hearing PC 1368

19      3) PERJURY BY DOCTORS AND POLICE

20      4) DENIAL OF BAIL

21      5) DENIAL OF Discovery

22      6) DENIAL OF WITNESSES

23      7) PC 859 D - 10 DAY PRELIMINARY

24      8) JUDICIAL MISCONDUCT

25      9) REFUSAL TO ANSWER Habeas

26      10) RETURN OF PROPERTY

27      11) CHALLENGE TO SEARCH WARRANT

28      12) MALICIOUS PROSECUTION

1  13) INTerLocuToRY oRDer (JUDGE ILLSToN)

2  THESE ARE JUST A FEW OF THE ISSUES

3  I NEEDED ARGUED ON APPEAL. DUE to

4  JULIA SPIKES REFUSAL to COME SEE ME

5  AND FILE MOTIONS I NEED FILED I REMAIN

6  ILLEGALLY IMPRISONED AND MILLIONS

7  OF DOLLARS OF DAMAGE HAVE OCCURRED.

8  ANOTHER PATIENT (BILLY CARTER) told me

9  he is also having TROUBLE GETTING

10  Her to DO HER JOB!!

11  SHE FILED MOTIONS OR BRIEFS ON

12  ONLY 1 GROUND (MARSDEN) THE WHOLE

13  16 MONTHS OF APPEAL AND REFUSED

14  to COME talk to me AND REFUSED

15  to ARGUE THESE 13 GROUNDS I NEED

16  ARGUED. DUE to HER LACK OF JOB

17  PERFORMANCE I REMAIN ILLEGALLY

18  IMPRISONED. IF SHE WOULD HAVE

19  ARGUED THE GROUNDS I WANTED Her

20  to ARGUE I PROBABLY WOULD HAVE

21  BEEN RELEASED A YEAR. AGO !

22  A HABeas Petitioner NEED NOT ESTABLISH

23  THAT HE WAS ENTITLED to REVERSAL IN

24  ORDer to SHOW PREJUDICE IN THE DENIAL

25  OF APPELLATE COUNSEL (People V. RHODEN

26  (1972) 6 Cal. 3d 519, 524 [99 Cal. RPtr. 751, 492

27  P. 2d 1143.] INre Smith supra., 3 Cal. 3d at P. 202)

28  IN THE CONTEXT OF THE FACTS OF THOSE

1  CASES, IN SMITH AND RHODEN, supra., our -

2  SUPREME COURt HELD tHE INEXCUSABLE

3  FAILURE OF DEFENDANt'S APPELLAtO

4  COUNSEL to RAISE CRUCIAL ASSIGNMents

5  OF ERROR, WHICH ARGUABLY MIGHt HAVE

6  RESULtED IN A REVERSAL, DEPRIVED

7  tHE Petitioner OF tHE EFFECtIVE ASS—

8  IStANCE OF APPellate COUNSEL to WHICH

9  he was entitled under tHE CONStitution.

10  JULIA SPIKES MADE AN INEXCUSABLE

11  ERROR BY FAILING to RAISE GROUNDS

12  NEEDED to END MY CASE AND GRANt

13  ME PROPer REtRiBUtiON FOR DAMAGES

14  DONE. A SIMPLE WRit OF MANDAte

15  MAY BE NEEDED to END tHE CORRUPtiON

16  AND MALICIOUS PROSECUtION. It is BAD

17  ENOUGH tHE COURt AND POLICE HAVE

18  COMMIttED HUNDREDS OF CRIMES

19  AGAINSt ME AND MY PROPErty., But

20  to have a lawyer (JULIA SPIKES) refuse

21  to come see me custody, refuse to

22  go over tHE TRANSCRIPtS AND Refuse

23  to argue points I NEED ARGUED

24  IS UNEXCUSABLE. I Believe tHIS

25  CONStitutionAL ERROR IS REVERSIBLE

26  AND I INtEND to PURSUE it all

27  tHE WAY to tHE END!

28  I WILL SPEND THE NEXt FEW PAGES

*INEFFECTIVE ASSISTANCE OF COUNSEL PAGE 4*

1. BRIEFLY GOING OVER THESE 13 GROUNDS +
2. 14 (MARSDEN).
3.   GROUND 1 - SPEEDY TRIAL - I WAS AR-
4. RESTED ON 10/19/06 AND A COURT ORDER WAS
5. SIGNED 69 DAYS LATER 12/26/2006 COM-
6. MITTING ME TO NAPA STATE HOSPITAL.
7. I DID NOT WAIVE ~~TRY~~ TIME AND WAS
8. NOT TAKEN TO TRIAL IN 60 DAYS, FURTHERMORE
9. I WAS HELD IN JAIL TILL FEBRUARY 7, 2007
10. I BELIEVE I SPENT ABOUT 100 DAYS IN
11. THE COUNTY JAIL WITH NO TRIAL.
12. GROUND 2 - I NEVER HAD A COMPETENCY
13. HEARING (NO WITNESSES, NO JURY?)
14. GROUND 3 - DOCTOR (WILTSE) AND (ROSOFF)
15. COMMITTED PERJURY TO DETAIN ME ILLEGALLY
16. UKIAH POLICE OFFICERS (CABRAL) AND
17. (STARK) COMMITTED PERJURY TO DETAIN
18. ME ILLEGALLY.
19. GROUND 4 - I HAVE BEEN HELD WITH
20. NO BAIL FROM 11/13/06. I CONSIDER
21. THIS CRUEL AND UNUSAL PUNISHMENT.
22. GROUND 5 - BOTH JULIA SPIKES AND
23. LINDA THOMPSON REFUSED ME A FULL
24. DISCOVERY!
25. GROUND 6 - BECAUSE OF INEFFECTIVE
26. ASSISTANCE OF COUNSEL I HAVE BEEN
27. HELD ALMOST 2 YEARS AND DENIED
28. WITNESSES FOR AND AGAINST.

INEFFECTIVE ASSISTANCE OF COUNSEL pages

1  NO WITNESSES HAVE BEEN PUT ON THE STAND

2  TO CROSS-EXAMINE?

3  GROUND 7 - I WAS REFUSED A PRELIMINARY

4  WITHIN 10 DAYS DUE TO LAWYER

5  LINDA THOMPSON GOING ON VACATION.

6  THIS VIOLATES PENAL CODE 859 b.

7  GROUND 8 - SEVERAL JUDGES HAVE

8  COMMITTED JUDICIAL MISCONDUCT IN

9  THIS CASE!

10  GROUND 9 - JUDGE MAYFIELD REFUSES

11  TO ANSWER HABEAS CORPUS WRITS

12  FROM OCTOBER AND NOVEMBER 2006.

13  I BELIEVE THE TRANSCRIPTS FROM

14  OCTOBER OR NOVEMBER 2006 SAY

15  THE COURT HAD 60 DAYS TO ANSWER

16  THOSE WRITS.

17  GROUND 10 - POLICE HAVE STOLEN CASH

18  AND CHECKS AND OTHER PROPERTY

19  ILLEGALLY - THIS NEEDS TO BE RETURNED.

20  GROUND 11

21  GROUND 11 - AN ILLEGAL SEARCH WARRANT

22  WAS SERVED BY OFFICER STARK, THIS

23  NEEDS CHALLENGE.

24  GROUND 12 - PENAL CODE 1447 AND

25  1191.2 ALLOWS FOR RETRIBUTION FOR

26  FOR MALICIOUS PROSECUTION.

27  GROUND 13 - ON OR ABOUT MAY 3, 2008

28  JUDGE ILLSTON ILLEGALLY TERMINATED

INEFFECTIVE ASSISTANCE OF COUNSEL page 6

1  THE LITIGATION IN BOTH Federal AND
2  STATE COURTS WITH AN INTERLOCUTORY
3  ORDER, I BELIEVE THIS NEEDS to be
4  corrected. ON 5/13/2008 I SENT
5  A NOTICE OF APPEAL TO THE COURT OF
6  APPEAL FIRST APPELLATE DISTRICT to
7  APPEAL CASE A116597 TO THE SUPREME
8  COURT OF CALIFORNIA. MY HOPE
9  IS MY NEW APPELLATE ATTORNEY will
10 GO OVER ALL THE TRANSCRIPTS AND
11 ARGUE THESE 13 GROUNDS + 14
12 THE MARSDEN MOTION PROBLEM AS
13 THIS ALSO NEEDS TO BE ADDRESSED.
14     JULIA SPIKES (SBN 201272) HAS
15 REFUSED TO ARGUE THESE 13 GROUNDS
16 NEEDED TO WIN MY CASE. HER LAZY
17 ATTITUDE HAS KEPT ME ILLEGALLY
18 IMPRISONED. SHE NEEDS TO ARGUE
19 ALL THE GROUNDS AND WORK
20 HARDER TO PROPERLY REPRESENT
21 Her CLIENTS. ARGUMENT OF 1
22 GROUND AND REFUSING TO COME
23 TALK TO ME IS LAWYER MISCONDUCT.
24 AS FAR AS I AM CONCERNED SHE IS
25 "FIRED" I NEED AN ATTORNEY WHO
26 CAN GIVE ME 110% AND FIGHT FOR ME!
27 UNDER THE PENALTY OF PERJURY THIS
28 IS true and correct to the best of my knowledge.

EXHIBIT 13

AO 442 (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

_NORTHERN_ District of _CALIFORNIA_

UNITED STATES OF AMERICA

V.

ED FOULK
EXECUTIVE DIRECTOR
NAPA STATE HOSPITAL

**WARRANT FOR ARREST**

Case Number: STATE SUPREME COURT NO: S163898

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ED FOULK

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment ☐ Information ☒ Complaint ☐ Order of court ☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice

charging him or her with (brief description of offense) KIDNAPPING

MY COURT ORDER, or COMMITMENT ORDER WAS
VACATED 7/9/08. ED FOULK HAS FAILED to RELEASE ME
AND I HAVE BEEN HELD MORE THAN 15 DAYS
WITH NO CHARGES. THIS AMOUNTS to KIDNAPPING.
I BELIEVE ED FOULK IS IN CONTEMPT OF COURT.

in violation of Title _18_ United States Code, Section(s) _242_

| | |
|---|---|
| Name of Issuing Officer | Signature of Issuing Officer |
| Title of Issuing Officer | Date and Location |

| **RETURN** ||
|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at ||

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO 442    (Rev. 10/03) Warrant for Arrest

## THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME: _____

ALIAS: _____

LAST KNOWN RESIDENCE: _____

LAST KNOWN EMPLOYMENT: _____

PLACE OF BIRTH: _____

DATE OF BIRTH: _____

SOCIAL SECURITY NUMBER: _____

HEIGHT: _____    WEIGHT: _____

SEX: _____    RACE: _____

HAIR: _____    EYES: _____

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: _____

_____

_____

FBI NUMBER: _____

COMPLETE DESCRIPTION OF AUTO: _____

_____

INVESTIGATIVE AGENCY AND ADDRESS: _____

_____

_____

_____

EXHiBit C

1  VINCENT ROSENBALM                           7/24/08
2  2100 NAPA VALLEJO HIGHWAY
3  NAPA, CALIFORNIA 94558
4       UNITED STATES DISTRICT COURT
5    NORTHERN DISTRICT OF CALIFORNIA
6  VINCENT ROSENBALM  ] HABEAS CORPUS
7         V        ] CASE No: CVc8-3436
8  ED FOULK        ] SUPPLEMENTAL to
9  THOMAS ALLMAN    ] tHis CASE
10      AS OF JULY 24, 2008 I HAVE BEEN
11  HELD 16 DAYS WITH NO CHARGES At
12  NAPA StAtE HOSpital by ED FOULK.
13  THIS VIOLATES PENAL CODE 1382(a) and
14  GOOD CAUSE WAS NOT SHOWN IN 15 DAYS.
15  YOU MUSt RELEASE ME FROM ILLEGAL
16  CUSTODY. I AM SENDING YOU AN ARREST
17  WARRANt FOR ED FOULK (KIDNAPPING)
18     CRIMINAL CASE MCUKCRCRCE-74005 was
19  ARRAIGNED 10/23/06 AND committed 12/26/06
20  NO PRELIMINARY WAS HAD WITHIN 60
21  DAYS - PENAL CODE 859b (DISMISSAL).
22     JUDGE CINDEE MAYFIELD HAS REFUSED
23  TO ANSWER A HABEAS CORPUS WRIT FROM
24  10/23/06 IN VIOLATION OF ARTICLE VI section
25  19 OF tHE StAtE CONSTITUTION.
26  UNDER tHE PENALtY OF PERJURY tHIS IS
27  true and correct to tHE Best of
28  my Knowledge. Vincent Rosenbalm

EXHIBIT C

**MC-270**

| ATTORNEY OR PETITIONER WITHOUT ATTORNEY *(Name and Address):*  TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| VINCENT ROSENBALM (707) 255-9700 2100 NAPA VALLEJO HIGHWAY NAPA, CALIFORNIA 94558  PETITIONER'S BIRTH DATE: 11/28/59 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA:
825 BROWN Street
NAPA, CALIFORNIA 94559

| IN THE MATTER OF *(NAME):* | CASE NUMBER: |
|---|---|
| VINCENT ROSENBALM                    Petitioner | SUPREME COURT NO: S163898 |
| **PETITION FOR WRIT OF HABEAS CORPUS—Penal Commitment** | |

1. Petitioner is being unlawfully restrained of liberty at *(specify name of treatment facility):* NAPA StAtE Hospital
   by *(specify name of persons having custody, if known):* ED FOULK

2. Petitioner was admitted to the treatment facility on *(date):* 2/7/07   and is currently being held pursuant to:
   - [ ] Penal Code § 1026 (not guilty by reason of insanity)
   - [ ] Penal Code § 1026.5(b) (extended commitment)
   - [ ] Penal Code § 1370 (incompetent to stand trial)
   - [ ] Penal Code § 2684 (prisoners transferred to state hospital)
   - [ ] Penal Code § 2962 (mentally disordered offender)
   - [ ] Former W & I § 6300 (MDSO)
   - [x] Other *(specify):* ILLEGAL IMPRISONMENT

3. **Check at least one box:**
   a. [x] Petitioner is illegally confined for the following reason: KIDNAPPING ED FOULK
   ON 7/19/C8 MY COMMITMENT WAS VACATED CASE No. 5163898
   I HAVE BeeN HELD MORE THAN 15 DAYS (NO CHARGES)
   SEE PENAL CODE 1382 (a), GOOD CAUSE NOT SHOWN
   YOU MUST Release ME FROM ILLEGAL CUStODY

   b. [x] Petitioner has been denied the following rights without good cause (Penal Code section 2600):
   ARRAIGNED 10/23/06 COMMITTED 12/26/06
   NO PRELIMINARY IN 60 DAYS - AUTOMATIC DISMISSAL
   PENAL CODE 859 b - GROUNDS FOR DISMISSAL
   JUDGE MAYFIELD HAS NOT ANSWered Habeas over 60 DAYS

4. Petitioner has no adequate and speedy remedy at law.         ARticle VI Sect 19

5. Have you made any previous requests for relief from this confinement? YES *If your answer is yes,* state the nature and grounds
   for your request, the date it was made, and the result:
   HUNDREDS OF MATTERS PENDING
   THIS IS to BE INCLUDED IN FEDeral Habeas CASE No. CV08-3436

6. Petitioner requests that this court *(check all that apply):*
   a. [x] Issue a Writ of Habeas Corpus to the director of the facility named in item 1, commanding that the petitioner be brought
      before this court at a specified time and place.
   b. [x] Order the facility personnel to release petitioner from said restraint.
   c. [x] Order that all rights to which petitioner is entitled as a patient be observed.
   d. [x] Grant such other relief as this court deems appropriate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/24/08

........................................
(TYPE OR PRINT NAME)

▶ *Vincent Rosenbalm*
(SIGNATURE OF PETITIONER OR PERSON REQUESTING WRIT ON PETITIONER'S BEHALF)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-270 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS—Penal Commitment**
**(Mental Health)**

Cal. Rules of Court, rule 4.551
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT C

MC-270

| ATTORNEY OR PETITIONER WITHOUT ATTORNEY *(Name and Address):*    TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|

VINCENT ROSENBALM  (707) 255-9700
2100 NAPA VALLEJO HIGHWAY
NAPA, CALIFORNIA 94558
PETITIONER'S BIRTH DATE: 11/28/55

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO
·100 N. STATE Street
UKIAH, CALIFORNIA 95482

IN THE MATTER OF *(NAME):*
VINCENT ROSENBALM                                      Petitioner

**PETITION FOR WRIT OF HABEAS CORPUS—Penal Commitment**

CASE NUMBER:
SUPREME COURT NO.
S 163898

1. Petitioner is being unlawfully restrained of liberty at *(specify name of treatment facility):* NAPA STATE Hospital
   by *(specify name of persons having custody, if known):*

2. Petitioner was admitted to the treatment facility on *(date):*  2/7/07   and is currently being held pursuant to:
   ☐ Penal Code § 1026 (not guilty by reason of insanity)    ☐ Penal Code § 1026.5(b) (extended commitment)
   ☐ Penal Code § 1370 (incompetent to stand trial)    ☐ Penal Code § 2684 (prisoners transferred to state hospital)
   ☐ Penal Code § 2962 (mentally disordered offender)    ☐ Former W & I § 6300 (MDSO)
   ☑ Other *(specify):*
        ILLEGAL IMPRISONMENT

3. **Check at least one box:**
   a. ☑ Petitioner is illegally confined for the following reason: KIDNAPPING (ED FOULK)
      ON 7/9/08 MY COMMITMENT WAS VACATED CASE NO. S163898
      I HAVE BEEN HELD MORE THAN 15 DAYS (NO CHARGES)
      SEE PENAL CODE 1382(a) GOOD CAUSE NOT SHOWN
      YOU MUST RELEASE ME FROM ILLEGAL CUSTODY
   b. ☑ Petitioner has been denied the following rights without good cause (Penal Code section 2600):
      ARRAIGNED 10/23/06 COMMITTED 12/26/06
      NO PRELIMINARY IN 60 DAYS - AUTOMATIC DISMISSAL
      PENAL CODE 859b - GROUNDS FOR DISMISSAL
      JUDGE MAYFIELD HAS NOT ANSWERED HABEAS OVER 600 DAYS

4. Petitioner has no adequate and speedy remedy at law.
   ARTICLES II Sec 19

5. Have you made any previous requests for relief from this confinement? YES If your answer is yes, state the nature and grounds
   for your request, the date it was made, and the result:
      HUNDREDS OF MATTERS PENDING
      THIS IS TO BE INCLUDED IN FEDERAL Habeas CASE NO. CV08-3436

6. Petitioner requests that this court *(check all that apply):*
   a. ☑ Issue a Writ of Habeas Corpus to the director of the facility named in item 1, commanding that the petitioner be brought
      before this court at a specified time and place.
   b. ☑ Order the facility personnel to release petitioner from said restraint.
   c. ☑ Order that all rights to which petitioner is entitled as a patient be observed.
   d. ☑ Grant such other relief as this court deems appropriate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:
   7/24/08

▶ *(signature)* Vincent Rosenbalm

........................................................
(TYPE OR PRINT NAME)

(SIGNATURE OF PETITIONER OR PERSON REQUESTING WRIT ON PETITIONER'S BEHALF)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-270 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS—Penal Commitment**
**(Mental Health)**

Cal. Rules of Court, rule 4.551
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT C

1  VINCENT ROSENBALM                    7/24/08

2  2100 NAPA VALLEJO HIGHWAY

3  NAPA, CALIFORNIA 94558

4  (707) 255-9700

5    MENDOCINO COUNTY SUPERIOR COURT

6  PEOPLE OF THE STATE  } 859(b) MOTION

7  OF CALIFORNIA        }

8         V            } CASE NO: MCUKCRCR06-74005

9  VINCENT ROSENBALM    }

10  I HEREBY GIVE NOTICE TO MENDOCINO

11  COUNTY SUPERIOR COURT. YOU HAVE

12  VIOLATED PENAL CODE 859(b) BY

13  REFUSING ME A PRELIMINARY HEARING

14  IN 60 DAYS. I WAS ARRAIGNED

15  ON 10/23/06 AND COMMITTED 12/26/06.

16  NO GOOD CAUSE WAS SHOWN TO HOLD

17  A PRELIMINARY PAST 60 DAYS, AND

18  CAUSE FOR DISMISSAL OF CRIMINAL

19  CHARGES. I ASK THE COURT FOR RELEASE

20  FROM ILLEGAL IMPRISONMENT.

21  UNDER THE PENALTY OF PERJURY

22  THIS IS TRUE AND CORRECT TO THE

23  BEST OF MY KNOWLEDGE.

24

25                    Vincent Rosenbalm

26

27

28

EXHiBiT C

1   VINCENT ROSENBALM                          7/24/08
2   2100 NAPA VALLEJO HIGHWAY
3   NAPA, CALIFORNiA 94558
4       NAPA COUNTY SUPERiOR COURT
5                               } 1382. MOTiON
6   VINCENT ROSENBALM          } DENiAL OF SPEEDY
7           V                  } TRiAL
8   ED FOULK                   } SUPREME COURT OF
9                              } CALiFORNiA CASE NO. S163898
10      MY COMMiTMENT ORDER TO NAPA
11  STATE HOSPiTAL WAS VACATED ON
12  JULY 9, 2008. ED FOULK -EXECUTiVE DiRECTOR
13  OF NAPA STATE HOSpital had 15 DAYS
14  TO RELEASE ME FROM CUSTODY.
15  HE iS iN CONTEMPT OF COURT AS:
16  OF JULY 24, 2008. WHiCH iS 16 DAYS
17  AFTER MY COMMiT MENT WAS VACATED.
18  I ASK FOR RETRiBUTiON FROM ViCTiM
19  WiTNESS AND RELEASE FROM ILLEGAL
20  CUSTODY. PENAL CODES 1191.2, 1447
21  AND 1202.4 (K)(2), 1202.4 (f)(3)(H), 1202.4(f)(3)(G)
22  PENAL CODE 1382 (a) - 15 DAYS or DiSMiSSAL.
23  GOOD CAUSE WAS NOT SHOWN iN 15 DAYS.
24  UNDer tHE PENALTY OF PErjURY
25  tHiS iS trUE AND CORRECT TO tHE
26  Best OF MY KNOWLEDGE.
27                      Vincent Rosenbalm
28

$EXHiBiT D$

Court of Appeal, First Appellate District, Div. 5 - No. A116597
**S163898**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

THE PEOPLE, Plaintiff and Respondent,

v.

VINCENT LEE ROSENBALM, Defendant and Appellant.

---

The petition for review is denied.

$JULY 9th$

SUPREME COURT
**FILED**

JUL – **9** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

EXHIBIT D

COPY

Filed 04/03/08

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

#### DIVISION FIVE

**THE PEOPLE,**

    **Plaintiff and Respondent,**

        **v.**

**VINCENT LEE ROSENBALM,**

    **Defendant and Appellant.**

Court of Appeal First District

APR - 3 2008

Diana Herbert, Clerk

by _____ Deputy Clerk

**A116597**

**(Mendocino County Super. Ct. No. MCUK-CRCR-06-74005)**

Vincent Lee Rosenbalm appeals an order committing him to a state hospital (Pen. Code, § 1370)[1] after he was found incompetent to proceed with trial on a charge of making a criminal threat (§ 422). He contends, and the People concede, the court erred in refusing to conduct a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal.3d 118). We agree the court erred in refusing to conduct a *Marsden* hearing and conclude the error is prejudicial.

## BACKGROUND[2]

Ukiah police served a search warrant on appellant's home and seized items while investigating an internet counterfeit check scheme. Appellant became upset because he believed the items were seized illegally. He was charged with making a criminal threat

---

[1] All undesignated section references are to the Penal Code.

[2] The background facts are taken from the reports of Drs. Douglas Rosoff and Kevin Kelly.

after mailing letters to Ukiah Police Captain Dan Walker in September and October 2006, which Walker perceived as becoming progressively more threatening.

Drs. Rosoff and Kelly both found that appellant would be unable to assist his counsel in the preparation of his defense and unable to conduct his own defense, and found him incompetent to stand trial because of his delusional disorder.

## DISCUSSION

Appellant contends the court erroneously refused to conduct a *Marsden* hearing on his request for substitute counsel. He argues that at a minimum, the matter should be remanded for the court to conduct a *Marsden* hearing. The People concede the error but argue his due process rights were not violated, there was no prejudice, and therefore the error was harmless.

At appellant's October 23, 2006 arraignment, the court (Judge Mayfield) advised him of his right to counsel and asked if he wanted counsel appointed for him. Appellant responded that he had a plea and writ of habeas corpus, that his case would be dismissed that day, and said "I don't want an attorney today." Appellant then submitted his habeas corpus petition to the court, and he was advised that a judicial officer has up to 60 days to make a determination on the petition and that the petition would not be ruled on that day. The court also told appellant it would not address his concerns about matters which occurred in 2004, stated it had some concerns about his ability to proceed and was considering ordering a section 4011.6 evaluation. When appellant said he was having problems at the jail the court said, "sounds like you could benefit from having an attorney represent you. You are absolutely entitled under the Sixth Amendment." Appellant responded that he wanted a change of venue because his habeas petition would not be heard that day, and offered to enter a plea. The court denied the request for change of venue, said it would consider appellant's habeas petition following the hearing, and said appellant could represent himself or counsel could be appointed for him. After appellant said he wanted several public defenders, the court appointed public defender Linda Thompson to represent him. Thereafter, the prosecutor and the court expressed concern regarding appellant's competency and the court sought Thompson's comments on

2

imposing a 72-hour hold and evaluation under section 4011.6. Thompson acknowledged there was "some question" as to appellant's mental state but said given his apparent ability to discuss underlying factors, she was unprepared to suggest a section 1368 competency evaluation. After the court denied appellant's request to be released on his own recognizance, Thompson said appellant would enter a not guilty plea. Appellant disagreed that that would be his plea, and said he wanted review of his habeas petition. He then requested a *Marsden* hearing, told Thompson she was "fired," and asked for a *Marsden* hearing "right now." The court then suspended the proceedings and ordered Drs. Kelly and Rosoff to evaluate appellant's competency. Appellant again asked for a *Marsden* hearing, and Thompson and the prosecutor advised the court that given the suspension of the proceedings, the competency evaluation would have to occur before a *Marsden* hearing. The court set a hearing for November 13.

At the commencement of the November 13, 2006 hearing, appellant stated he had not yet seen Dr. Kelly. Thompson requested that the court order appellant to see Dr. Kelly and stated she believed appellant was incompetent. Appellant stated he had "fired" Thompson three weeks before. The court stated that Thompson was appellant's attorney of record and would remain so pending further proceedings, and that no *Marsden* hearing would be held until receipt of the reports from Drs. Kelly and Rosoff.

At the next hearing on November 27, 2006, the court received the reports of Drs. Kelly and Rosoff. When Thompson stated she would stipulate to the admission of both reports, appellant said she was not his lawyer and asked to have a *Marsden* hearing. The court stated it found appellant not competent to proceed and that the criminal proceedings would remain suspended. Thompson and the court discussed a date for a mental health placement evaluation, and the court set the matter for December 18.

At the commencement of the December 18, 2006 placement recommendation hearing, appellant requested a *Marsden* hearing. The matter was continued to December 21. At the December 21 hearing presided over by Judge Brown, appellant again requested a *Marsden* hearing. When the court stated it would "give that to [him]," Thompson explained that the criminal proceedings were suspended, appellant had been

3

found incompetent and the hearing was for purposes of placement. The court adopted the recommendation of the Golden Gate Conditional Release Program and ordered appellant transported to Napa State Hospital. When appellant again requested a *Marsden* hearing, the court said he was represented by counsel and his request for a *Marsden* hearing had been denied. Appellant filed a timely appeal from the commitment order.

"A person cannot be tried or adjudged to punishment . . . if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367, subd. (a); *People v. Solorzano* (2005) 126 Cal.App.4th 1063, 1068-1069.) "[W]hile the trial court may not 'proceed with the case against the defendant' before it determines his competence in a section 1368 hearing [citation], it may and indeed *must* promptly consider a motion for substitution of counsel when the right to effective assistance 'would be substantially impaired' if his request were ignored. [Citation.]" (*People v. Stankewitz* (1990) 51 Cal.3d 72, 88; *Solorzano*, at p. 1069.) "Even though 'section 1368 mandates the suspension of " 'all proceedings in the criminal prosecution' " once the court has ordered a hearing into the mental competence of the defendant,' the Supreme Court held, 'the Sixth Amendment right to effective representation compels a hearing and an order granting a motion for substitution of counsel when there is a sufficient showing that the defendant's right to the assistance of counsel will be substantially impaired if his request is denied. [(*Stankewitz*, at pp. 87-88.)]' [Citations.]" (*Solorzano*, at p. 1069.) "Hearing a *Marsden* motion during a competency hearing does not reinstate criminal proceedings against the defendant." (*Solorzano*, at p. 1069, citing *Stankewitz*, at p. 88.)

"A defendant is entitled to have appointed counsel discharged upon a showing that counsel is not providing adequate representation or that counsel and defendant have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result. [Citations.]" (*People v. Jones* (2003) 29 Cal.4th 1229, 1244-1245.) " ' " 'When a defendant seeks to discharge appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant

4

to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance.' " ' " (*People v. Welch* (1999) 20 Cal.4th 701, 728.) A trial court's refusal to relieve appointed counsel is reviewed under the deferential abuse of discretion standard. (*Jones*, at p. 1245.)

The parties agree the court abused its discretion in failing to conduct a *Marsden* hearing; our attention is directed to the question of prejudice. *Marsden* error is reviewed for prejudice under the *Chapman v. California* (1967) 386 U.S. 18 "beyond a reasonable doubt" standard. (*Solorzano, supra,* 126 Cal.App.4th at p. 1071.)

Appellant contends that because he was not permitted to disclose the factual nature of his dissatisfaction with his counsel, Thompson, it cannot be concluded beyond a reasonable doubt that the denial of his *Marsden* motion was not prejudicial. He asserts that had the court promptly addressed his concerns regarding defense counsel, a competency hearing might have been unnecessary, since his request to enter his own "novel" plea was the sole reason Thompson expressed concern about his competency. He also argues that the court's repeated refusals to hold a *Marsden* hearing "likely contributed to and exacerbated [his] belief that courts and its officers could not be trusted." Appellant cites *Solorzano*, which in turn quoted *Marsden* regarding prejudice: " 'On this record we cannot ascertain that [Solorzano] had a meritorious claim, but that is not the test. Because [he] might have catalogued acts and events beyond the observations of the trial judge to establish the incompetence of his counsel, the trial judge's denial of the motion without giving [him] an opportunity to do so denied him a fair trial. We cannot conclude beyond a reasonable doubt that this denial of the effective assistance of counsel did not contribute [to the finding that he was competent to stand trial.]' " (*Solorzano, supra,* 126 Cal.App.4th at p. 1071, quoting *Marsden, supra,* 2 Cal.3d at p. 126.)

The People present a two-fold argument that appellant was not prejudiced by the court's refusal to conduct a *Marsden* hearing. First, none of the complaints expressed by appellant in open court pertained to Thompson's conduct in connection with the competency proceedings. Instead, the complaints focused on his detention following the

5

seizure of items from his home two years previously. Second, except for a 15-minute private conference between Thompson and appellant before appellant attempted to enter a plea, all contact between appellant and Thompson was observed by the court. Thus, the argument runs, this was not a case of a silent record or speculation by the trial court. The People argue that appellant's claim that he was denied a *Marsden* hearing can be cured by reasserting that motion at a subsequent proceeding when he is restored to competency and the court reinstates criminal proceedings against him.[3]

The People's twofold argument is entirely speculative. Based on the record before us, we cannot conclude beyond a reasonable doubt that had a timely *Marsden* hearing been held a commitment order would nevertheless have resulted. The commitment order is vacated.[4]

## DISPOSITION

The commitment order is vacated and the matter remanded with the following directions: (1) the court shall hold a hearing on appellant's *Marsden* motion concerning Thompson; (2) if appellant prevails on his *Marsden* motion, the court shall appoint new counsel to assist him for this purpose and shall entertain such applications as newly appointed counsel may make; and (3) if newly appointed counsel does not make any motions, any motions made are denied, or appellant's *Marsden* motion is denied, the court shall reinstate the commitment order.

---

[3] This suggestion flies in the face of *Stankewitz* and *Solorzano*, which recognize that despite a section 1368 suspension of criminal proceedings, the court must promptly consider a *Marsden* motion when the right to effective assistance would be substantially impaired if the request were ignored.

[4] In light of this conclusion, we need not address appellant's claim of ineffective assistance of counsel.

6

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

STEVENS, J.*

(A116597)

_____

*   Retired Associate Justice of the Court of Appeal, First District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7

EXHIBIT E

7/24/08

1   U. S. DISTRICT COURT CASE NO: CV08-3436
2   TO COURT CLERK RICHARD WIEKING,
3       MY COURT COMMITMENT ORDER
4   HAS BEEN VACATED AND I SENT
5   YOU COPYS FROM THE COURT OF APPEAL
6   (STATE) AND SUPREME COURT OF CASE
7   THESE ORDERS. THE PROBLEM IS ED
8   FOULK REFUSES TO OBEY THESE
9   ORDERS AND HAS HELD ME MORE
10  THAN 15 DAYS (SEE PENAL CODE 1382(a))
11  AND NO GOOD CAUSE WAS SHOWN
12  WITHIN 15 DAYS VIOLATING MY
13  DUE PROCESS. TODAY IS 7/24/08
14  16 DAYS BEYOND MY NOTICE TO
15  VACATE MY COMMITMENT ORDER;
16  WHICH IS 81 OF 60 FOR SPEEDY TRIAL.
17      I SENT YOU AN ARREST WARRANT
18  FOR ED FOULK FOR KIDNAPPING.
19  HE IS THE EXECUTIVE DIRECTOR
20  OF NAPA STATE HOSPITAL AND HE
21  NEEDS TO BE ARRESTED FOR
22  HOLDING ME ILLEGALLY.
23  UNDER THE PENALTY OF PERJURY
24  THIS IS TRUE AND CORRECT TO
25  THE BEST OF MY KNOWLEDGE.
26
27              Vincent Rosenbalm
28

1   VINCENT ROSENBALM                    7/24/08
2   2100 NAPA VALLEJO HIGHWAY
3   NAPA, CA 94558
4   (707) 255-9700
5      MENDOCINO COUNTY SUPERIOR COURT
6   PEOPLE OF THE STATE 3 170.6 MOTION
7   OF CALIFORNIA      3 TO RECUSE A JUDGE
8            V          3 DISQUALIFICATION
9   VINCENT ROSENBALM 3 CASENO: MCUKCRCR06-74005
10     I AM VINCENT ROSENBALM
11  AND I CANNOT HAVE A FAIR
12  TRIAL BEFORE JUDGE MAYFIELD
13  DUE TO PREJUDICE. SHE HAS
14  REFUSED TO ANSWER A HABEUS
15  CORPUS WRIT FOR OVER 600 DAYS
16  FROM 10/23/06 IN VIOLATION
17  OF ARTICLE VI SECTION 19 OF
18  THE STATE CONSTITUTION. UNDER
19  PENALTY OF PERJURY THIS IS
20  true and correct to the Best
21  of my knowledge.
22
23                    Vincent Rosenbalm
24
25
26
27
28

PROOF OF SERVICE 7/24/08

I am Vincent Rosenbalm an
American citizen over 18 years
of age.

U.S. DISTRICT CASE NO: CV08-3436 SI
ON 7/24/08 I served the within

1) EXHIBIT A - INEFFECTIVE COUNSEL
2) EXHIBIT B WARRANT FOR ARREST
3) EXHIBIT C (5) PAGES HABEAS SUPPLEMENTAL
4) EXHIBIT D - STATE COURT (JUDGMENT)
5) EXHIBIT E - (2) LETTERS COURT

By placing a copy in the Napa
State Hospital Mail Addressed to:

COURT CLERK
U.S. DISTRICT COURT
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102
From
Vincent Rosenbalm
2100 Napa Vallejo Highway
Napa, CA 94558

Under the Penalty of Perjury
this is true and correct
to the best of my knowledge.

Vincent Rosenbalm

LEGAL MAIL
Court Clerk
U.S. District Court
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA 94102