UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROSENBALM, | No. C 08-3436 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ED FOULK,<br>CEO of Napa State Hospital, | |
| Respondent. | |

Vincent Rosenbalm, incarcerated at Napa State Hospital ("NSH"), has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Rosenbalm has filed about 40 cases in this court in the last two years. Most of his actions have been civil rights actions, and most of those have been dismissed because he is a frequent filer subject to 28 U.S.C. § 1915(g). His habeas actions have required a different approach, but have been unsuccessful for various reasons.

On April 3, 2008, the court dismissed Rosenbalm's most recent habeas action, Rosenbalm v. Foulk, No. C 07-4197 SI, without prejudice to him filing a new action challenging the order committing him to the state mental hospital after he exhausted state court remedies to such a claim. In his current petition, Rosenbalm asserts numerous claims regarding the criminal proceedings against him and concerning the alleged misdeeds of employees of the local police department, the Mendocino County Jail, and NSH.

The petition in this action must be dismissed for the reasons discussed in the order of dismissal in <u>Rosenbalm v. Foulk</u>, No. C 07-4197 SI. As the court explained in that order, the challenges to the criminal proceedings against him are premature because there are not special circumstances warranting federal intervention in the state criminal case against him. As the court also explained in that order, the challenges to the conditions of confinement at NSH and the Mendocino County Jail, as well as to the circumstances of his arrest must be pursued in a civil rights action. A separate and additional reason for dismissal is that an appeal from the order of dismissal in <u>Rosenbalm v. Foulk</u>, No. C 07-4197 SI, is now pending in the Ninth Circuit.

In the order of dismissal in <u>Rosenbalm v. Foulk</u>, No. C 07-4197 SI, the court specifically allowed Rosenbalm to assert a challenge to the commitment order after he exhausted state court remedies. The present petition does not challenge the commitment order, however. The closest he comes is in "Ground 22" of the petition, where he asserts that an April 13, 2007 involuntary medication order is deficient in that the wrong name is used on it. The error is that his last name is listed "Rosenbaum" instead of "Rosenbalm." Even if that order could be challenged, the spelling error is not of constitutional significance and would not support habeas relief.

The action is DISMISSED without prejudice to Rosenbalm filing a new petition for writ of habeas corpus concerning the commitment order after he exhausts state court remedies as to his federal constitutional claims regarding that order.

Rosenbalm's motion to remove his criminal case to federal court is DENIED. (Docket # 19.) The motion is untimely because it was not filed within thirty days after his October 23, 2006 arraignment and was not accompanied by a copy of all pleading in the case. <u>See</u> 28 U.S.C. § 1446(a), (c). Due to these procedural deficiencies, the first of which is incurable, the court does not need to determine whether the grounds for removal exist.

/ / /

/ / /

2

In light of the dismissal of this action, Rosenbalm's motions for appointment of counsel are DENIED as moot. (Docket # 9, # 18, # 27.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 15, 2008

SUSAN ILLSTON
United States District Judge